Francisco MIRANDA–MINERO,
aka Miguel Gabriel Ayarza,
aka Poncho, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 06–71277.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2007 *.

Filed Feb. 4, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

---

Shan D. Potts, Esq., Berke Law Offices, Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Joanne E. Johnson, Esq., Phoenix, AZ, Office of Immigration Litigation, Stephen J. Flynn, Esq., U.S. Department of Justice, Washington, D.C. for Respondent.

Before: D.W. NELSON and BEA, Circuit Judges, and OBERDORFER **, Senior Judge.

### MEMORANDUM ***

Francisco Miranda–Minero petitions for review of the BIA's order affirming the Immigration Judge's ("IJ") decision finding petitioner removable.[1] The IJ found Miranda–Minero removable for having been convicted of two different aggravated felonies: (1) sexual abuse of a minor, 8 U.S.C. § 1101(a)(43)(A), based on his conviction of lewd acts against a child age 14 or 15 in violation of California Penal Code § 288(c)(1); and (2) a crime of violence for which the term of imprisonment was at least one year, 8 U.S.C. § 1101(a)(43)(F), based on his conviction of three counts of sexual battery in violation of California Penal Code § 243.4(d).

In his petition to this court, Miranda–Minero challenges only the first ground of removability—conviction of the aggravated felony of sexual abuse of a minor—but does not challenge the second ground of removability—conviction of the aggravated felony of a crime of violence. Accordingly, even if we were to conclude the BIA erred in finding Miranda–Minero removable for his conviction under California Penal Code § 288(c)(1), there still would exist a valid order of removal against Miranda–Minero for the conviction under California Penal Code § 243.4(d). Any opinion we would give on the issue Miranda–Minero does raise would be advisory and would not affect Miranda–Minero's removability. Accordingly, there is no "case or controversy" before us, and we lack Article III jurisdiction. *See Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975)("[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them.")(internal quotation marks omitted).

**PETITION DISMISSED.**

---

** *The Honorable Louis F. Oberdorfer, Senior United States District Judge for the District of Columbia, sitting by designation.*

*** *This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.*

1. The IJ also denied Miranda–Minero's applications for withholding of removal, asylum, and protection under the Convention Against Torture ("CAT"). Miranda–Minero does not contest these findings in his petition to this court.